**Albert NEZHA, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4900–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2006.

Oleh Tustaniwsky, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Catherine A. Walter, Assistant United States Attorney, Topeka, Kansas, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Albert Nezha, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Matthew J. D'Angelo's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Nezha did not argue his CAT claim before the BIA, the claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, Nezha's claim fails for the reasons stated by the IJ. We cannot say that the IJ erred in finding that Nezha had testified inconsistently with regard to his family's whereabouts and that his testimony concerning the June 2001 incident was inconsistent with his wife's affidavit stating that the commissioner and police officer had participated in the beating. Nezha's failure to mention at the hearing or in his asylum application that any members of

the "secret service" had threatened him undermined statements made in the document submitted on behalf of the Democratic Party. We cannot say that the IJ erred in finding that Nezha's medical documents were fraudulent because, although he had testified that he received both documents upon his discharge from the hospital in June 2001, one of the documents was dated August 2001. Nezha also testified inconsistently regarding the manner in which he received the documents in the United States. In addition, the IJ observed Nezha's demeanor in testifying as evasive and non-responsive. Moreover, the record does not contain any evidence supporting Nezha's conclusory assertions that members of the Socialist Party specifically targeted him as a member of the Democratic Party. Since the IJ cited specific instances of contradictory or improbable testimony, substantial evidence supports the IJ's adverse credibility determination, and Nezha's application for asylum and withholding of removal were properly denied. *See Secaida–Rosales,* 331 F.3d at 307.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).